198 So. 260

## WASDEN v. STATE.

### I Div. 356.

Court of Appeals of Alabama.

Feb. 22, 1940.

Rehearing Denied June 25, 1940.

Hybart & Chason, of Bay Minette, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted, in Code form, for the offense of "buying, receiving, concealing, etc., stolen property"—all as prescribed by Code 1928, § 4912.

The property involved was, according to the language of the indictment, "an ox, an animal of the cow kind"—this rendering the punishment applicable, in the event of a conviction, that prescribed for grand larceny. Code 1928, §§ 4905 and 4912.

He was convicted as charged, and his punishment fixed at imprisonment in the penitentiary for an indeterminate term of from one year and one day, minimum, to two years, maximum.

It was shown without dispute that the ox in question was stolen from Octavia Miller by one Alexander Williams; and

that Williams sold the ox, in the nighttime (see Code 1928, § 3229), to appellant, for much less than the evidence shows it to have been worth. Also that appellant, who was regularly engaged in the butchering business, after a short time, killed the ox without complying with the terms of Code 1928, § 3483.

The only question litigated was that as to whether or not appellant bought the ox "knowing that it was stolen." There was no question raised as to his "not having the intent to restore it to the owner"—it being positively apparent that he had no such intent.

There was direct testimony, as contra-distinguished from circumstantial evidence —of which there was an abundance—that appellant knew the ox had been stolen by Williams, who sold it to him.

The issue of his guilt vel non of the offense charged was plainly for the jury.

Appellant was represented below, and here, by able counsel. In this court they have filed a voluminous brief; but, other than the refusal of the trial court to grant appellant's motion to set aside the verdict of the jury and the judgment entered thereon, and award him a new trial, no action or ruling of the lower court is called in question.

Of course the testimony of the self admitted thief, Williams, was not of the most elegantly phrased sort. But it contained positive assertions, which the jury were authorized to believe, and which, if believed, fastened guilt on appellant. And his own testimony, apparently, did not help the situation.

The learned trial judge, whose reputation for fairness and acumen is established, and whose knowledge of the law is unquestioned, saw and heard the witnesses testify. Nothing appears to indicate that he acted erroneously in refusing to set aside the verdict of the jury.

Nor does any other erroneous action or ruling appear.

The judgment is affirmed.

Affirmed.